J-S57017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEVIN JORDAN | |
| Appellant | No. 3460 EDA 2016 |

Appeal from the PCRA Order dated October 3, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005792-2008

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:             **FILED DECEMBER 12, 2017**

Appellant, Kevin Jordan, appeals *pro se* from the order dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 26, 2009, a jury convicted Appellant of criminal conspiracy (violation of the Drug Act), criminal use of a communications facility, criminal attempt (kidnapping and/or robbery), criminal solicitation (kidnapping and/or robbery), criminal conspiracy (kidnapping and/or robbery), and possessing an instrument of crime (a handgun).  **See Commonwealth v. Jordan**, 75 A.3d 554 (Pa. Super. 2013) (unpublished memorandum) (affirming denial of Appellant's first PCRA petition).  On June 16, 2009, the trial court sentenced Appellant to 12 to 24 years' incarceration.  **Id.**  Appellant filed a direct appeal, and this Court affirmed

the judgment of sentence on December 9, 2010. *Id.* Appellant petitioned the Supreme Court of Pennsylvania for allowance of an appeal, but that Court denied the petition on June 1, 2011. *Commonwealth v. Jordan*, 22 A.3d 1034 (Pa. 2011). Appellant did not petition the United States Supreme Court for a writ of *certiorari*. Therefore, his judgment of sentence became final on August 30, 2011, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13.

Appellant filed a timely PCRA petition, within one year, on October 21, 2011. The PCRA court appointed counsel and ultimately dismissed the petition without a hearing. Appellant appealed, and this Court affirmed the denial of relief. *Jordan*, 75 A.3d 554. Appellant did not petition for allowance of an appeal by the Pennsylvania Supreme Court.

Appellant filed the underlying PCRA petition, his second, on August 11, 2016. The PCRA court issued a notice of its intent to dismiss the petition as untimely on August 31, 2016, and on October 3, 2016, the PCRA court dismissed the petition. Appellant filed a timely *pro se* appeal on October 31, 2016. Appellant presents six issues, which we repeat verbatim:

> [1.] Should the PCRA court remand to PCRA court to allow [Appellant] to argue "Burton Claim," where PCRA court obstructed [Appellant's] presentation of newly discovered facts during first timely filed PCRA proceedings in 2012, by concealing trial transcripts and sentencing order?
>
> [2.] Whether the PCRA court erred in issuing 907 notice of intent to dismiss without a hearing, where [Appellant] met and

complied with 42 Pa.C.S. §§ 9545(b)(1)(ii) and (b)(2) exception to jurisdictional time bar?

[3.] Whether the PCRA court erred in refusing to grant evidentiary hearing or rule on immediate hearing, where [Appellant] properly plead the en banc Superior Court's July 12, 2016 decision in *Ciccone* which spawned a new distinct claim outside of *Alleyne*, solely based on 1 Pa.C.S. § 1925 as declared by our Supreme Court in *Commonwealth v. Wolfe*, on June 20, 2016?

[4.] Whether the PCRA court erred in applying our Supreme Court's *Washington* decision as the law of the land, when it was decided July 19, 2016, but did not overrule or abrogate our Supreme Court's *Commonwealth v. Wolfe*, 2016 Pa. LEXIS 1282 (Pa. 2016) decision decided 29 days prior on June 20, 2016 or the Superior Court's July 12, 2016 holding in *Ciccone*?

[5.] Whether the PCRA court erred and abused its discretion by denying motion to vacate dismissal pending reconsideration of *Ciccone* by the en banc Superior Court, where [the] *Ciccone* decision is central to the present case?

[6.] Whether the PCRA court erred and abused its discretion by failing to apply the recidivist philosophy, when imposing [a] facially unconstitutional mandatory sentencing statute, where [Appellant] did not have [an] opportunity to reform prior to [his] second conviction and sentencing, to be exposed to 42 Pa.C.S. § 9714(a)(1)?

Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in

the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

In addition, a PCRA petition must be timely filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, an untimely petition may be considered when the petition alleges, and the petitioner proves, that one of the three limited exceptions to the time for filing the petition set forth at 42 Pa.C.S. § 9545(b)(1) is met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to proceed under an exception to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001). Whether a PCRA petition is timely is a question of law; this Court's standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013). It is well settled that "[t]he filing mandates of the PCRA are jurisdictional in nature

and are strictly construed." *Id.* Consequently, "[a]n untimely petition renders this Court without jurisdiction to afford relief." *Id.*

Here, Appellant's judgment of sentence became final on August 30, 2011, and he had to file his PCRA petition by August 30, 2012 for it to be timely. 42 Pa.C.S. § 9545(b)(1). Because Appellant filed the underlying petition on August 11, 2016, we agree with the PCRA court that the petition is untimely. PCRA Court Opinion, 1/5/17, at 6. The PCRA court was presented with the same six issues Appellant has presented to this Court on appeal, *see id.* at 4-5, and concluded that it was without jurisdiction to review them because Appellant failed to prove an exception to the PCRA time bar.

The PCRA court stated that Appellant "was mistaken" in his assertion that "he has satisfied the exceptions in § 9545(b)(i) and (ii) and that his petition was filed within 60 days of the Superior Court's July 12, 2016 decision in *Commonwealth v. Ciccone*." The PCRA court is correct. This Court issued its most recent – and controlling – *Ciccone* decision on December 13, 2016, and held that the decision of the United States Supreme Court in *Alleyne*[1] does not apply retroactively to a petitioner's collateral attack in seeking post-conviction relief. *Commonwealth v.*

---

[1] *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt).

*Ciccone*, 152 A.3d 1004 (Pa. Super. 2016) (*en banc*), *appeal denied*, 169 A.3d 564 (Pa. 2017).[2]

The PCRA court added:

Furthermore, [Appellant] was sentenced as a repeat offender under 42 Pa.C.S.A. § 9714(a)(1), a mandatory minimum provision that has not been invalidated by *Alleyne* and its progeny. Therefore, even if *Alleyne* applied retroactively, satisfying the jurisdictional time-bar, it would afford him no relief as he did not receive an illegal sentence on account of *Alleyne*. Thus, because his PCRA is untimely and he failed to establish that any exceptions to the time-bar apply, this Court does not have jurisdiction to address the substantive claims raised therein and he was not entitled to a hearing on his petition.

PCRA Court Opinion, 1/5/17, at 7-8.

---

[2] We summarized the procedural history and precedential authority of *Ciccone* as follows:

The appeal was submitted to a three-judge panel, but this Court *sua sponte* granted *en banc* review. The present *en banc* panel consisting of P.J.E. Ford Elliott, P.J.E. Bender, J. Bowes, J. Shogan, J. Lazarus, J. (now Justice) Mundy, J. Olson, J. Ott, and J. Stabile, concluded that *Alleyne* applied retroactively, and granted Appellant relief. However, that decision was withdrawn after our Supreme Court disseminated *Commonwealth v. Washington*, 142 A.3d 810, 811 (Pa. 2016), wherein the Court held that *Alleyne* does not apply retroactively "to attacks upon mandatory minimum sentences advanced on collateral review."

*Commonwealth v. Ciccone*, 152 A.3d 1004, 1006 (Pa. Super. 2016) (*en banc*) (footnote omitted), *appeal denied*, 169 A.3d 564 (Pa. 2017). Appellant appears to rely on our first *en banc* decision in *Ciccone*, but that decision was withdrawn and is superseded by the Court's later decision holding that *Alleyne* does not apply to requests for collateral relief under the PCRA.

Our review of the record supports the determination of the PCRA court. Accordingly, because we are without jurisdiction to review Appellant's second, untimely PCRA petition, we affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017